(79 Misc. Rep. 494.)

PEOPLE ex rel. WHITE v. BOARD OF MANAGERS OF STATE INDUSTRIAL SCHOOL.

(Supreme Court, Special Term, Monroe County. February, 1913.)

1. CONSTITUTIONAL LAW (§ 45*)—DETERMINATION OF CONSTITUTIONAL QUESTIONS—COURTS OF FIRST INSTANCE.

    Laws 1910, c. 611, giving the county board of Monroe county jurisdiction to adjudicate when children of such county under the age of 16 are delinquent, is not so clearly unconstitutional that a court of first instance will hold it invalid.

    [Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. § 42; Dec. Dig. § 45.*]

2. INDICTMENT AND INFORMATION (§§ 51, 52*)—INFORMATION—VERIFICATION AND SIGNING.

    An information charging a child, who had been pronounced a delinquent and placed on probation, with petit larceny, was insufficient to confer jurisdiction on a justice of the peace, where it was neither sworn to nor signed.

    [Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 161, 163–168; Dec. Dig. §§ 51, 52.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. **INFANTS (§ 16\*)—DELINQUENTS—COMMITMENT TO REFORMATORY.**

Where a justice of the peace certified the information, warrant, and order of transfer, with $10 cash bail, to the County Court, and thereupon a summons was again issued, directed to the infant, charged with petit larceny, and his parents by name, ordering him to show cause why he should not be dealt with according to Laws 1910, c. 611, relative to delinquent children, and neither he nor his mother appeared in County Court on trial, an order committing him to the State Industrial School was valid, though the proceeding before the justice was invalid.

[Ed. Note.—For other cases, see Infants, Cent. Dig. § 16; Dec. Dig. § 16.\*]

4. **INFANTS (§ 16\*) — DELINQUENTS — COMMITMENT TO REFORMATORY — JUDGMENT.**

A purported judgment, certified by the clerk of the County Court from the records in his office as a correct copy of the judgment on record in his office, was sufficient, though not signed by any person, and though its authenticity was not otherwise certified to by the county clerk.

[Ed. Note.—For other cases, see Infants, Cent. Dig. § 16; Dec. Dig. § 16.\*]

Habeas corpus by Frank White against the Board of Managers of the State Industrial School. Writ dismissed, and relator remanded.

Howard H. Widener, of Rochester, for relator.
John W. Barrett, Dist. Atty., of Webster, for defendant.

BENTON, J. [1] The relator contends that chapter 611 of the Laws of 1910 is unconstitutional. Unless its unconstitutionality is very clear, courts of first instance should not so hold. The contention of the relator in this regard is overruled.

[2] The relator also contends that the County Court did not have jurisdiction of Annis White, as there was not on file at the time proof of any service upon him. The proceeding was begun by petition of a third person, Charles J. Saunders, charging said Annis White with what in an adult would be petit larceny. The summons provided by the statute was issued, and the child, with its parents, personally, appeared in court. At such proceeding the child was pronounced a delinquent and placed upon probation. Thereafter a proceeding was begun before James E. Martin, justice of the peace of the town of Gates, charging said Annis White with petit larceny in stealing 12 chickens. The warrant was issued by said Martin. The information does not appear to have been sworn to or signed; hence the proceeding is void so far as Martin's jurisdiction is concerned.

[3] He, however, certified the information, warrant, and order of transfer with $10 cash bail to the County Court, and thereupon a summons was again issued, directed to Annis White and his parents, by name, ordering him to show cause why he should not be dealt with according to chapter 611, Laws of 1910. The child, with his mother, did not appear in court, and on the trial he was committed to the State Industrial School.

It is urged that the whole proceeding before the justice was invalid. Even if this were true, it did not invalidate the proceeding before the County Court. It matters not how the matter of the violation of the

---

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

probation was brought to the attention of the County Court, it can act, provided there is reasonable proof that there has been a violation. of its order or mandate admitting a child or adult to probation. I hold, therefore, it is immaterial whether or not the proceeding before the justice was valid or invalid. Notice of the accusation of the crime being brought to the attention of the court, it had authority to act and it did so act.

[4] It is also claimed that there is no judgment of any court whereby the board of managers was authorized to receive and hold the child. What purports to be the judgment is certified from the records of the clerk's office by the county clerk. It is not signed by any person, nor is its authenticity otherwise certified by the county clerk than that it is a correct copy of the judgment on record in his office. The judgment, however, seems to be sufficient within the authority of People ex rel. Trainer v. Baker, 89 N. Y. 460.

The objections of the relator must therefore be each and all overruled, the writ dismissed, and the relator remanded to the custody of the board of managers of the State Industrial School.

Ordered accordingly.