THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, Respondent, *v.* GUSSIE ROSENKRANTZ, Defendant, Appellant.

Court of Special Sessions of the City of New York, Appellate Part, First Judicial Department, June 12, 1924.

Crimes — trial — court in its discretion may permit change of plea as procedural matter — city magistrate without inherent or statutory power under Code of Criminal Procedure, § 337, to allow withdrawal of plea of guilty and substitution of plea of not guilty — complaint defective for failure to specify facts constituting offense — plea of guilty not waiver of objection to complaint — defendant convicted under Code of Criminal Procedure, §§ 913-a and 913-b — sentence made under Inferior Criminal Courts Act, § 89, erroneous.

It is discretionary with a court to permit a change of plea as a procedural matter. Accordingly, the city magistrate before whom the defendant was convicted on a charge of being a wayward minor in violation of sections 913-a and 913-b of the Code of Criminal Procedure, as added by chapter 868 of the Laws of 1923,

in the exercise of sound discretion, should have granted defendant's motion, made before the imposition of sentence, for leave to change her plea of guilty, to join issue and for a new trial where it appears that the defendant, young in years, inexperienced and without the benefit of counsel, is charged with a transgression which in law and in fact is not criminal.

Notwithstanding the fact that a City Magistrate's Court of the city of New York has no statutory (Code Crim. Pro. § 337) or inherent power to permit a withdrawal of a plea of guilty and the substitution of a plea of not guilty it is discretionary with the court to allow such a change of plea as a procedural matter.

A complaint which contains the technical charge designating an offense alleged as a violation of a particular statute but fails to specify the facts upon which the charge is predicated is defective.

A plea of guilty does not serve as a waiver of defendant's right to object to the complaint on the ground that it fails to set out an offense.

The defendant's commitment made under section 89 of the Inferior Criminal Courts Act is illegal where it appears that she was charged with a violation of sections 913-a and 913-b of the Code of Criminal Procedure, since she should have been sentenced in accordance with the provisions of the statute under which she was convicted.

Freschi, J., dissents in part.

Appeal from a judgment of conviction had in a City Magistrate's Court, ninth district, borough of Manhattan, on March 28, 1924, wherein the appellant was charged with and convicted on her plea of guilty, of being a wayward minor in violation of sections 913-a and 913-b of the Code of Criminal Procedure, as amended by chapter 868 of the Laws of 1923, and was committed to the State Reformatory for Women at Bedford Hills, N. Y. Before the imposition of sentence the appellant moved for leave to change her plea, to join issue and for a trial on the merits. Permission to withdraw the plea of guilty and to enter a plea of not guilty was denied for want of authority. Such denial, the appellant contends, is tantamount to an abuse of discretion.

*Goldstein & Goldstein* (*David Goldstein*, of counsel), for the appellant.

*Joab H. Banton*, district attorney (*Edward McQuire*, of counsel), for the respondent.

Freschi, J. This appeal raises three points: The authority of a city magistrate to allow a withdrawal of a plea of guilty and the substitution of a plea of not guilty under the provisions of section 337 of the Code of Criminal Procedure and the inherent power of a city magistrate; the sufficiency of the complaint in its allegation of facts; and the legality of the sentence and commitment of this appellant.

A magistrate has no power under the statute cited by appellant

to permit a change of plea, inasmuch as section 337 of the Code of Criminal Procedure relates to proceedings in criminal actions prosecuted by indictment, and has no bearing upon actions prosecuted without indictment.   Code Crim. Pro. § 2; *People* v. *Johnson,* 187 N. Y. 319.

The provisions of section 31 of the Inferior Criminal Courts Act, which make all sections of the Code of Criminal Procedure, consistent with the act, regulating and controlling the practice and procedure of the Court of General Sessions of the Peace in the City and County of New York applicable, as far as may be, to the practice and procedure in the Court of Special Sessions, are limited to this latter court and in no wise relate to the practice and procedure in the Magistrate's Court.

There seems to be no inherent power in any statutory court in matters of a jurisdictional nature, more particularly where the case is closed.   See *People* v. *McLaughlin,* 57 App. Div. 454; 16 C. J. 1119, § 2619; *People ex rel. Jerome* v. *General Sessions,* 185 N. Y. 504; *People* v. *Judges of Dutchess Oyer & Terminer,* 2 Barb. 282, 286.

Although the case of *People* v. *Joyce,* 4 N. Y. Crim. Rep. 341, 345, was a conviction under and for an indictable offense, it states a principle which ought to govern in all cases of a criminal nature. Judge Daniels, writing for the court, said: " Where a person accused of crime may, inadvertently or unadvisedly, plead guilty to an indictment, and afterwards apply for the privilege to withdraw that plea and plead not guilty, the leave is commonly granted as it should be, in the liberal spirit and exercise of the authority conferred over criminal cases upon the courts,   *   *   *."   The court in the case of *Commonwealth* v. *Crapo,* 212 Mass. 209, 210, citing with approval *Commonwealth* v. *Winton,* 108 id. 485, practically followed the same rule and stated that " if satisfied that his admission of guilt was not voluntary and intentional, but resulted from inadvertence," the defendant should be permitted to withdraw his plea and plead anew.   The trend of authority seems to hold that it is discretionary with the court to permit such a change of plea as a procedural matter.   Plain justice demands that a judge who has not lost jurisdiction of a case should be guided by the purpose and spirit of the criminal law and procedure to correct prejudicial errors committed through mistake; and where a defendant young in years, inexperienced and without the benefit of counsel, is charged with a transgression which in law and in fact is not criminal, enters a plea of guilty to a defective complaint, the court should, in the exercise of sound discretion, allow a change of plea and a

22

trial. The object and design of the administration of the criminal law is to find the truth and to do elemental and substantial justice of the cause, since the public policy of the law, through a presumption of innocence, is to do no wrong.

While it is true that evidence shall not be pleaded, the allegations of the complaint must set forth briefly but with sufficient certainty the character and extent of the offense committed and the immediate results and effects of the acts charged. The complaint here contains the technical charge designating the offense alleged violative of a particular statute; but the specification does not set forth sufficient facts constituting the offense. *Huffstater* v. *People,* 5 Hun, 23, 24; *Wood* v. *People,* 53 N. Y. 511. And in this connection I am not unmindful that the deposition in summary cases in Magistrate's Court need not possess the technical nicety of or the same fullness of detail as is required in an indictment at common law.

The plea of guilty, however, is not a waiver of the objection that the complaint does not set forth an offense. *Vose* v. *Cockroft,* 44 N. Y. 415, 422; *People* v. *Fuchs,* 71 Misc. Rep. 69; *People* v. *Bell,* 148 N. Y. Supp. 753; *People* v. *Earing,* 71 Misc. Rep. 615; affd., 146 App. Div. 903; appeal dismissed, 204 N. Y. 584.

Furthermore, the commitment which in this case was made, as appears from the return of the learned magistrate, under section 89 of the Inferior Criminal Courts Act is attacked as illegal. The case at bar does not come within the purview of the provisions of the last-mentioned section. This appellant should have been sentenced in accordance with the provisions of the statute under which she was convicted, section 913-c, of the Code of Criminal Procedure, as amended by chapter 868, Laws of 1923, which reads as follows: " Any female adjudged a wayward minor before commitment to an institution shall, so far as practicable, be placed on probation for a period not to exceed two years, subject to the provisions of law applicable to persons placed on probation in title one of the Code of Criminal Procedure. If such minor, by reason of previous delinquency or other adequate reason, is not a fit subject for probation, she shall be committed to any religious, charitable or other reformative institution authorized by law to receive commitments of persons over the age of sixteen years."

The sentence is erroneous, there appearing no proof in this record " of previous delinquency or other adequate reason " to hold that the defendant, appellant, " is not a fit subject for probation."

The judgment of conviction should be reversed both for errors of fact and of law, the complaint should be dismissed and the appellant ordered discharged from custody.

McINERNEY, P. J., and HERBERT, J., vote for a reversal of the judgment and conviction both for errors of law and of fact and to grant a new trial before a city magistrate.

Judgment of conviction reversed for errors of law and of fact and a new trial ordered in the Ninth District Magistrate's Court, borough of Manhattan.

FRESCHI, J., in memorandum of decision dissents as to new trial and votes to dismiss the complaint and discharge the defendant.

Judgment accordingly.