THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JAMES T. McGAHAN, Appellant.— This is an appeal from a judgment of conviction rendered against the defendant-appellant on a verdict found by a jury of the crime of keeping slot machines. The appeal is from the conviction and sentence as well as the preliminary proceedings at the time of the arraignment of the defendant and his plea to the indictment. The operation of the sentence was stayed by a certificate of reasonable doubt, and the defendant gave an undertaking of bail pending the determination of the appeal. The defendant was arrested without a warrant by a member of the Troy police force upon the charge of having in his possession a number of slot machines in violation of section 982 of the Penal Law. He was duly arraigned in Police Court and appeared with his attorney and objected to the jurisdiction of the court on the ground that no written information had been filed against him and moved for the discharge of the defendant upon that ground. The defendant's attorney thereupon requested the court to read in full section 982 of the Penal Law, which the court refused to do. The defendant's attorney then demanded a jury trial and also stated that he intended to apply for a certificate that it was reasonable that such charge be prosecuted by indictment under section 57 of the Code of Criminal Procedure, and received two adjournments for that purpose. The court held that no information need be or would be filed as the defendant was arrested and charged with a crime committed in the presence of the officer making the arrest and that, therefore, no information or warrant was necessary. The police judge of the city of Troy, in the first instance, had exclusive jurisdiction of the crime of which the defendant was charged, subject to the power of removal, and the grand jury did not have any jurisdiction until the certificate of Justice Russell was made. The police judge did not have jurisdiction of the crime because of the absence of a written charge. The certificate made by Justice Russell under section 57 of the Code of Criminal Procedure was without authority and conferred no jurisdiction upon the grand jury to inquire into the commission of the crime or upon the County Court to try the indictment found by the grand jury. (People v. James, 11 App. Div. 609; People v. Park, 92 Misc. 369; People v. Caralt, 135 id. 842; People ex rel. Baker v. Beatty, 39 Hun, 476; People v. Bell, 148 N. Y. Supp. 753, 757.) Judgment of conviction reversed, on the law, and indictment dismissed. McNamee, Crapser and Bliss, JJ., concur; Hill, P. J., and Rhodes, J., dissent.