THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. ALTON HICKOX, Respondent.— Appeal from an order of the County Court of Madison county, made March 14, 1939, dismissing a count in an indictment. The defendant was charged before a justice of the peace with the crime of driving an automobile while intoxicated in violation of article 5, section 70, paragraph [subdivision] 5, of the Vehicle and Traffic Law. No other crime or facts was charged. On application of defendant it was adjudged that it was reasonable that the charge be presented to the grand jury. The order provided " that the charge of driving while intoxicated placed against the defendant be prosecuted by indictment." The minutes of the justice of the peace contain the item, " Charge: driving while intoxicated: violation of section 70, paragraph [subdivision] 5, of the Vehicle and Traffic Law of the State of New York," and the further item that the " information sworn to by arresting officer, charging the defendant with the above stated offense," and at a later date that the " defendant was informed of the charge against him," and at a later time again that the defendant would apply to the county judge " for a certificate that the charge be prosecuted by indictment." A physician's certificate was filed according to which, after examination, he stated that he found the defendant " under the influence of alcoholic intoxicating beverages," and he therein pronounced the defendant " to be intoxicated." There is no offense charged, except that of driving an automobile while intoxicated, nor are there any facts alleged which would constitute any other offense. In addition, if a charge of reckless driving were also made, or if the facts stated constituted the offense,

that was one of the misdemeanors of which the Court of Special Sessions had exclusive jurisdiction under section 56 of the Code of Criminal Procedure, in the absence of an application on the part of the defendant that it be inquired into by the grand jury. The indictment found by the grand jury charged the defendant with the offense of driving while intoxicated, and in a second count with the offense of reckless driving as a violation of article C [5], section 58, of the Vehicle and Traffic Law. Thereby the grand jury took jurisdiction of a reckless driving offense in the first instance, without jurisdiction to do so. Order affirmed. (*People* v. *Grogan*, 260 N. Y. 138; *People* v. *Monahan*, 257 id. 388; *People* v. *Knatt*, 156 id. 302; *People* v. *McGahan*, 249 App. Div. 691.) All concur, except Hill, P. J., and Heffernan, J., who dissent upon the following grounds: This appeal is taken by the district attorney from an order striking out a count from an indictment. Defendant was arrested on a warrant issued by a justice of the peace of the town of Morrisville, Madison county. The information stated, *inter alia*, that defendant " did commit the crime of driving while intoxicated, in violation of article 5, section 70, paragraph [subdivision] 5, of the Vehicle and Traffic Law of the State of New York, by wrongfully, unlawfully, wilfully, corruptly did operate a Chevrolet Coupe * * * while in an intoxicated condition and was reckless and did strike the cannon plot in the village of Morrisville." By order of the Madison county judge, on the application of the defendant, all proceedings in the Special Sessions were stayed, and it was directed that the matter be prosecuted by indictment. An indictment was found by the grand jury, sitting with the Supreme Court, and the trial was transferred to the Madison County Court, which dismissed the count of the indictment that charged defendant with reckless driving. The Supreme Court obtained complete jurisdiction of the charges against the defendant. The information gave notice of two charges, one for driving the motor vehicle while intoxicated, and the other a charge of reckless driving. The order dismissing the latter count of the indictment should be reversed.