THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* NORMAN R. TOMPKINS, Appellant.

County Court, Westchester County, May 6, 1952.

*Charles I. Sterling* for appellant.

*George M. Fanelli, District Attorney* (*Douglas L. McGuire* of counsel), for respondent.

BRENNAN, J. This is an appeal by the defendant from a judgment rendered by the Court of Special Sessions of the Town of Cortlandt, N. Y., whereby the defendant, on his plea of guilty, was convicted of violating paragraph a of subdivision 4 of section 20 of the Vehicle and Traffic Law.

It is the contention of the defendant on this appeal that the judgment of conviction should be reversed upon the grounds: (1) that a written information was not made herein and the making of the same was not waived by the defendant's plea of guilty; and (2) that the facts of the charge against him, as to which he was orally informed by the Justice of the Peace, were insufficient to constitute a violation of the afore-mentioned section of the Vehicle and Traffic Law which, under section 70 of said law, is declared to be a misdemeanor.

It is to be noted that after being advised of his rights, the defendant pleaded guilty to the oral charge made against him. The question presented on the first above contention is indeed a very interesting one. Diligent research has revealed that no direct holding has been made on this subject by the highest court in this State. However, this court has considered the very recent opinion of our Court of Appeals in the case of *People* v. *Jacoby* (304 N. Y. 33). In that case, it appeared that no information had been filed but the defendant appeared voluntarily before the City Court Judge (of Corning, N. Y.) with an affidavit which he had composed, typed and sworn to before a notary public. After a discussion by all the parties and officials concerned, the conclusion was reached that the defendant should be charged with a violation of section 43 of the Penal Law and to which charge the defendant pleaded guilty. The sole question

presented in the Court of Appeals was whether the City Court had jurisdiction of the subject matter, no proper information having been filed. Three of the Judges of that Court voted for affirmance of the judgment of conviction upon the ground that under the unusual record before them, the defendant's affidavit should be treated as the information. However, Judge DESMOND voted for affirmance upon the ground that while a defendant is entitled to be confronted with a written information or charge, he may, nevertheless, waive that right by a plea of guilty. Judge FULD, in a vigorous dissent (for reversal of the judgment) in which the two remaining Judges concurred, held that the defendant's affidavit should not be treated as an information and that the absence of a written information constituted a jurisdictional defect which could not be cured or overcome by waiver, or consent or by a plea of guilty. It is to be noted that the first three Judges who voted for affirmance did not do so on the ground urged by Judge DESMOND. Therefore, in this court's opinion, it seems fair to conclude that the aforesaid first three Judges declined to hold that the filing of a written information could be waived by a plea of guilty. In fact, it would seem logical to observe that if they had concurred with Judge DESMOND's holding, the affirmance would have been based thereon and the rationale of their affirmance need not have been based on the view that the defendant's affidavit should be treated as the information in the case. In the light of this analysis, this court concludes that the opinions in the *Jacoby* case, when considered in their entirety, are tantamount to a holding that where, as here, a misdemeanor is involved and the defendant has not made and presented an affidavit as to the nature of the charge to be made against him and the act or acts constituting the same, then the filing of a written information is a jurisdictional requirement which cannot be waived by a plea of guilty. Thus the defendant's first contention is sustained.

However, in the event that this court has erred in sustaining the defendant's first contention on its analysis of the *Jacoby* case (*supra*), it would seem desirable to consider the defendant's second contention. In that regard it appears from the return herein that the Justice of the Peace informed the defendant that he was charged " with a violation of Section 20, Subdivision 4a of the New York State Vehicle and Traffic Law, in that he permitted the operation of a motor vehicle owned by him by a person not duly licensed to drive." The aforesaid section of the Vehicle and Traffic Law specifically provides that no person shall " *knowingly* authorize or permit the operation or driving

of a motor vehicle owned by him * * * *upon a public highway of this state* by any person who is not duly licensed ''. (Emphasis supplied.) In the opinion of this court, the failure to include, in the oral charge, the aforesaid emphasized matter must be held fatal for without the same the charge, as read, did not contain all the essential elements of the crime. It has been repeatedly held that the principal facts must be charged and that no essential element of the crime may be omitted. (*People* v. *Albow,* 140 N. Y. 130, 134; *People* v. *Grogan,* 260 N. Y. 138, 142; *People* v. *Taylor,* 159 Misc. 536.) Thus, in the case at bar, the oral charge failed to include the allegation that the motor vehicle in question had been driven on a public highway of this State and it also failed to include the very essential allegation that the defendant knowingly permitted it to be so driven by an unlicensed person, thereby omitting the requisite element of intent. In this court's opinion no person violates the section in question unless it appears that such person permitted or authorized his motor vehicle to be driven upon a public highway by one whom he knows to be an unlicensed driver.

The rule is clear that where, as here, the conviction rests alone on a plea of guilty to a charge which, as above stated, fails to state acts sufficient to constitute a crime, the conviction must be condemned as jurisdictionally defective and a nullity notwithstanding the plea. (*People* v. *Rosenkrantz,* 123 Misc. 335; *People* v. *Lindner,* 133 Misc. 728; *People* v. *Williams,* 135 Misc. 564; *People* v. *Huyck,* 171 Misc. 467.) By his plea of guilty, the defendant did not admit the commission of any crime, and there existed no jurisdiction in the court below to impose sentence.

Accordingly, the judgment of conviction is reversed, the charge dismissed and the fine remitted. Settle order on notice.