Froessel, J.
Late in the evening of August 29, 1955, a “ uniform traffic ticket ” or summons prescribed by the Bureau of Motor Vehicles (N. Y. Off. Comp, of Codes, Rules & Regulations, 10th Off. Supp., 1955, pp. 734-743) was issued to the defendant by a patrolman of the Police Department of the Village of Canton. It was addressed to the defendant and he was “ notified to appear ” before a Police Justice the next day ‘' to answer to a charge of * * * Driving while Intoxicated ”, in violation of subdivision 5 of section 70 of the Vehicle and Traffic Law. He was arraigned before a Police Justice sitting as a Court of Special Sessions on the following morning, informed of his rights, including the right to counsel and an adjournment, and was also advised' that upon conviction, in addition to being liable to a penalty, his operator’s license must be revoked and his certificate of registration might be suspended. After pleading guilty, defendant was sentenced to pay a fine of $25 or serve one day’s imprisonment for each dollar of the fine unpaid. He paid the $25.
The question here presented is whether such ‘ ‘ uniform traffic ticket ” may be deemed a sufficient information to be used, not as a preliminary to the obtaining of a warrant, but as a pleading, and whether, if it is insufficient, the defect has been waived by defendant’s plea of guilty. From the form of the ticket or summons prescribed by the Bureau of Motor Vehicles, pursuant to authority granted in section 74 of the Vehicle and Traffic Law, it is clear that it is not intended to fulfill the function of an information. It is certainly not an “ allegation made to a *151 magistrate, that a person has been guilty of some designated crime ”, the code definition of an information (Code Crim. Pro., § 145); rather, it is a notice to him to appear in a given court on a given day, at which time and place he will he charged with a specific crime (City of Buffalo v. Neubeck, 209 App. Div. 386, 389-390; Matter of Hart, 131 App. Div. 661, 663-664; People v. Levins, 152 Misc. 650, 652; 11 Op. St. Comp., 1955, p. 461). Provision for the new form of uniform traffic ticket did not change the previously existing law that the summons was not the process which instituted a criminal proceeding; indeed, in section 74-b of the Vehicle and Traffic Law, the necessity for a verified complaint in a criminal proceeding in addition to the summons was recognized, and the aforesaid regulations (Uniform Traffic Ticket Regulations; N. Y. Off. Comp, of Codes, Rules & Regulations, 10th Off. Supp., 1955, p. 734) provide that “ no uniform complaint is prescribed at this time ”. No complaint or information was here placed before the court.
In this case, where defendant is charged with the commission of a misdemeanor and not a minor offense (People v. Grogan, 260 N. Y. 138,141), it is not disputed that a written information is required, and the law in this respect appears to be well settled (People v. Jacoby, 304 N. Y. 33, 38, 41, 43; People v. McGahan, 249 App. Div. 691; People v. Halling, 203 Misc. 428; People v. Tompkins, 202 Misc. 147, 148-149; see Code Crim. Pro., § 145 —‘ ‘ allegation made to a magistrate ”; § 699 — “ che charge against the defendant must be distinctly read to him ”; People ex rel. Baker v. Beatty, 39 Hun 476, 477).
An additional objection to the use of the traffic ticket as an information is that it is not verified. It has been frequently held not only that an information is necessary, but that, where it is used as the basis for obtaining a warrant of arrest, it must be verified (People ex rel. Livingston v. Wyatt, 186 N. Y. 383, 391; Matter of Bennett, 258 App. Div. 368, 370; People v. Menzel, 148 Misc. 916, 919; People ex rel. White v. Board of Managers, 79 Misc. 494, 495; People v. Kingston, 27 N. Y. Crim. Rep. 184,188; see, also, People v. Jacoby, supra, pp. 38, 41, 43). In the Jacoby case, in which no warrant of arrest was involved, we were all agreed that prosecution for a misdemeanor can proceed only upon a written information; three of the Judges expressly held that it be under oath, and three other Judges treated defendant’s verified statement as the equivalent of a *152 verified information. In onr opinion, the same reasons of policy which we stated in People ex rel. Livingston v. Wyatt (186 N. Y. 383, supra) require verification of an information when used as a basis for obtaining a warrant of arrest, require verification of an information when used as a pleading.
The rule in the Federal courts is not to the contrary, for there the informations are filed by the United States Attorneys under their oaths of office, and are thus not required to be verified (Weeks v. United States, 216 F. 292, cert. denied 235 U. S. 697; see Albrecht v. United States, 273 U. S. 1, 6-7; similarly under the common law, Bishop, New Criminal Procedure [2d ed., 1913], Vol. 1, pp. 104-105, Vol. 2, pp. 563-564). This is also the procedure in the Courts of Special Sessions in the City of New York (Code Crim. Pro., § 742; see People ex rel. MacSherry v. Enright, 112 Misc. 568, 573-577, affd. 196 App. Div. 964).
We turn now to the question of whether defendant has waived his objection to the lack of an information by his plea of guilty. It is well settled that by such a plea he waives his objection to the form of the information, or where it is based on information and belief without disclosing the source thereof (e.g., People v. Brous, 296 N. Y. 1028; People ex rel. Brown v. Baker, 284 App. Div. 106, 107; People v. Costello, 182 App. Div. 341; People v. Chambers, 189 Misc. 502; People ex rel. Travis v. Daniels, 182 Misc. 856; People v. Sly, 180 Misc. 96; People v. Decker, 156 Misc. 156; Matter of Blum, 9 Misc. 571; see Code Crim. Pro., §§ 684, 764).
However, objections to the jurisdiction of the court are not waived, nor is the objection that the information does not state a crime (People v. Koffroth, 2 N Y 2d 807; People ex rel. Burkhardt v. Elsaesser, 244 App. Div. 891; People v. Tompkins, 202 Misc. 147, 150, supra; People v. Kugelman, 188 Misc. 135; People v. Patrick, 175 Misc. 997; People v. Huyck, 171 Misc. 467; People v. Bush, 140 Misc. 59; People v. Williams, 135 Misc. 564; People v. Lindner, 133 Misc. 728; People v. Rosenkrantz, 123 Misc. 335; People v. Bell, 31 N. Y. Crim. Rep. 370).
In the present case, therefore, the question is whether the absence of a verified information is a formal or a jurisdictional defect. Some earlier lower court decisions have held that it is a formal defect, which is waived by a plea of guilty (City of Buffalo v. Murphy, 228 App. Div. 279, 286; City of Buffalo v. *153 Neubeck, 209 App. Div. 386, 391, supra; People v. Carter, 88 Hun 304, 306; People v. Park, 92 Misc. 369, 374; People v. Burns, 19 Misc. 680), but authority may be found to the contrary (as, e.g., People v. James, 11 App. Div. 609, 612; see People v. Bell, supra, p. 376). It should be noted that City of Buffalo v. Murphy (supra) involved the violation of a city ordinance not amounting to a misdemeanor, and the remaining cited cases were decided prior to Albrecht v. United States (273 U. S. 1, supra) in which case (p. 8) the Supreme Court stated: “A person may not be punished for a crime without a formal and sufficient accusation even if he voluntarily submits to the jurisdiction of the court.” Indeed, since our decision in People v. Jacoby (supra), lower courts have taken the position that the requirement of a written information was not waived by a plea of guilty (People v. Tompkins, 202 Misc. 147, 148-149, supra; People v. Halling, 203 Misc. 428, supra; People v. Mavis, 5 Misc 2d 943).
The view of these later cases appears by far to be the sounder one. If in a case involving a misdemeanor a mere unverified summons is to be the equivalent of an information, then any unverified paper could be treated likewise. This would be a dangerous practice, for there are countless misdemeanors for which a defendant may be punished by imprisonment for a year plus a fine of $500 (Penal Law, § 1937), not to speak of additional penalties, such as loss or suspension of a license to drive an automobile, to practice one’s profession or to engage in a licensed business.
The requirement that a prosecution for misdemeanor be based upon a sworn information (unless, of course, made by a District Attorney) is an essential guarantee to a defendant of a fundamental right, namely, that he be not punished for a crime without a formal and sufficient accusation, and this right may not be waived by a plea of guilty (Albrecht v. United States, 273 U. S. 1, 8, supra; Weeks v. United States, 216 F. 292, 293, supra; People ex rel. Battista v. Christian, 249 N. Y. 314, 318). ' ‘ Forms and procedure still have their place and purpose in the administration of the law; without them we would have chaos ” (People v. Zambounis, 251 N. Y. 94, 97).
It may be noted in passing that the Legislature, in 1955, when dealing with the question of waiver by plea of guilty, amended sections 335 and 699 of the Code of Criminal Procedure so as *154 to allow a defendant to waive Ms rigMs in cases involving certain traffic infractions only, thereby recognizing that in different situations the rule is otherwise.
The judgments appealed from should be' reversed, the defendant discharged and his fine remitted.