Andrew V. Siracuse, J.
This is an article 78 proceeding to review alleged jurisdictional and constitutional defects in an administrative adjudication of a speeding charge commenced by use of a simplified traffic information. At the outset it should be understood that we deal here with a charge of speeding which is an infraction and not a crime. (See Vehicle and Traffic Law, former § 56, subd 1; former § 2, subd 29; present § 155.) It is the defendant’s, here petitioner’s, contention that the administrative tribunal was without jurisdiction in that the uniform traffic ticket was not supplemented by a duly verified information or a sworn deposition by the officer with knowledge of the facts. The procedure used was entirely consistent with sections 225 through 228 of the Vehicle and Traffic Law, comprising article 2-A, entitled "Adjudication of Traffic Infractions”. Further, the requirements of section 207 of the Vehicle and Traffic Law in regard to the use of the uniform traffic summons and complaint were also observed in the subject case.
CPL 100.10 (subd 2) provides for the use of the simplified traffic information. CPL 100.25 specifies the form and content *658 of the simplified traffic information and further, the defendant’s right to request a supporting deposition. The uniform traffic ticket used in the subject case in the judgment of this court conforms to the procedural requirements of CPL 100.25. The defendant at the hearing failed to request a sworn deposition and accordingly is deemed to have waived that right.
The court would also note that the uniform traffic ticket was consistent with CPL 100.40 (subd 2) dealing with local criminal court accusatory instruments and their sufficiency.
This court is not impressed with the arguments made by the petitioner in regard to surprise or lack of knowledge as to the charges. While the summons was amended at trial to change the date, this in the court’s judgment is not a material or prejudicial change and in any event the defendant failed to avail himself of his right to an adjournment by requesting the same under CPL 100.45 (subd 3). Furthermore, the defendant did not move for a bill of particulars to amplify the charges which he would have been entitled to pursuant to CPL 100.45 (subd 4) and CPL 200.90.
Defendant cites People v Scott (3 NY2d 148, 151) as requiring a verified information in an offense or infraction case. The Court of Appeals did not so hold. At page 151 of its opinion the court left open the question whether a verified information was required in the situation of a minor offense. Said the court:
"In this case, where defendant is charged with the commission of a misdemeanor and not a minor offense * * * it is not disputed that a written information is required”. A distinction between the misdemeanor and the offense was further specified in the earlier case of People v Grogan (260 NY 138, 141), a case cited in Scott. It is true that the court later grappled with the question of the requirement of a detailed information where the charge is an offense in People ex rel. Siegal v Dros (11 NY2d 167). There, however, the charge had previously been classified as a misdemeanor and was a serious charge in terms of the possibility of a jail sentence of up to one year and a fine in an amount of $1,000. We do not here deal with charges of that severity. In fact, the distinction was made in People v Boback (23 NY2d 189) that a simple minor offense or infraction could still be adjudicated by use of a uniform traffic ticket. (See, also, People v Hust, 74 Misc 2d 887; 1966 Atty. Gen. (Inf. Opns. 181.)
Perhaps the best answer to the procedural arguments made *659 by the defendant herein is contained in the Practice Commentary to CPL 100.25 by Richard G. Denzer. (McKinney’s Cons. Laws of N. Y., Book 11A, CPL 100.25) There it is stated:
"In 1962, legislation was enacted authorizing the Commissioner of Motor Vehicles 'to prescribe the form of summons ["appearance ticket,” in the terminology of the proposed Criminal Procedure Law] and complaint [information] in’ traffic infraction cases (Vehicle and Traffic Law § 207 [1]). This the Commissioner did (Regulations of the Commissioner of Motor Vehicles, Ch 1, Subch g, Part 91; §§ 91.1-91.7). The result was a rather clever carbon paper device whereby a police officer writing out the 'ticket’ concomitantly fills out several other forms or instruments which, though in part bearing different labels and containing somewhat different printed matter, receive in the right places the data handwritten by the officer. One of these carbon-made instruments is the 'complaint’ or information. Thus, the officer is actually 'drafting’ the information while he writes out the 'ticket’.”
The defendant-petitioner also makes arguments based upon alleged constitutional defects in the substitution of an administrative procedure for an adversary judicial procedure in the disposition of traffic infraction tickets, the "clear and convincing” statutory standard of proof in such cases, and the conduct of the hearings by an administrative hearing officer who, in effect, questions and presents the prosecution’s case. The procedure has been in all respects approved by the New York State Court of Appeals in Matter of Rosenthal v Hartnett (36 NY2d 269). Upon a review of the transcript, this court finds no reason to disturb the decision by the hearing officer as affirmed by the administrative appeals board. In all respects the defendant-petitioner was accorded every opportunity to be heard and to defend himself. This court perceives nothing prejudicial in the procedure.
Accordingly, the petition is in all respects dismissed.