OPINION OF THE COURT
Memorandum.
Order modified to reinstate plaintiffs complaint to the extent that it seeks to recover a fine not exceeding $250, and otherwise affirmed, without costs.
Section 20-2010 (subd 1, par a) of the Village Law authorizes villages to enforce ordinances by prescribing "fines for each violation thereof not to exceed two hundred fifty dollars”. This provision does not permit imposition of cumulative fines in excess of $250 for a single but continuing violation (Incorporated Vil. of Mill Neck v Fronsdal, 39 AD2d 549, 550; see People v Briary Improvement Corp., 34 NY2d 788, affg 77 Misc 2d 797, involving a similar provision in the Second Class Cities Law; cf. People v Fremd, 41 NY2d 372, 374-375, construing a provision of the General City Law which contained no equivalent limitation). Hence, defendant’s motion for partial summary judgment was properly granted.
Plaintiffs complaint should not, however, have been dismissed in its entirety. The notice of violation substantially complies with the notice requirement in the local ordinance. As noted by Mr. Justice Martuscello in dissent at the Appellate Division, "[i]n a civil action for penalties, there is no requirement that the removal notice served by the building inspector be based upon probable cause. Notice which is based upon a report that a violation exists, and which affords the alleged offender the opportunity to remove the violation, satisfies due process.” (55 AD2d 603, 604.) Nor is there any constitutional invalidity (Village of Belle Terre v Boraas, 416 US 1, 8-9; cf. City of White Plains v Ferraioli, 34 NY2d 300, 305).
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
Order modified, without costs, in accordance with the memorandum herein and, as so modified, affirmed, and the case remitted to Supreme Court, Suffolk County.