Henry J. Holley, P.C. Town Attorney, Deerpark
You have asked whether town constables are authorized to direct traffic and engage in traffic control.
Town constables have the status and powers of peace officers (Criminal Procedure Law, § 2.10[1]). The powers of peace officers are set forth in section 2.20 of the Criminal Procedure Law. Under this section, when acting pursuant to their special duties peace officers are authorized to issue uniform traffic tickets in accordance with section207 of the Vehicle and Traffic Law (Criminal Procedure Law, § 2.20[5]). Uniform traffic tickets are utilized for traffic violations defined by the Vehicle and Traffic Law, except parking violations, and serve as a notice to a person to appear in a specific court on a given day to be charged with an offense (Vehicle and Traffic Law, § 207; People v Scott, 3 N.Y.2d 148, 150-151 [1957]). Additionally, when acting pursuant to their special duties, peace officers may issue simplified traffic informations (Criminal Procedure Law, § 2.20[5]). A simplified traffic information is a written accusation charging a person with the commission of one or more traffic infractions or misdemeanors relating to traffic and serves as a basis for commencement of a criminal action (id., § 100.10[2]).
A peace officer "acts pursuant to his special duties when he performs the duties of his office, pursuant to the specialized nature of his particular employment, whereby he is required or authorized to enforce any general, special, or local law or charter, rule, regulation, judgment or order" (id., § 2.20). Thus, if as the employer of constables, the town board includes among their duties the responsibility for enforcement of violations of the Vehicle and Traffic Law, they will be authorized to issue uniform traffic tickets and simplified traffic informations. This will provide them with the necessary powers for enforcement of the Vehicle and Traffic Law.
Any local government by local law may authorize a public servant to issue an appearance ticket to enforce any statute, local law, ordinance, rule or regulation relating to parking and other subjects (Municipal Home Rule Law, § 10[4][a]). Further, any local government by local law may authorize peace officers to issue an appearance ticket to enforce any statute, local law, ordinance, rule or regulation affecting the public health, safety and welfare (ibid., see, also, Criminal Procedure Law, § 2.20[4]). Thus, a town by local law may authorize its constables to issue appearance tickets in enforcing local parking violations.
The authority for the employment of constables in towns is section20(1)(a) and (b) of the Town Law. In any town of the first class in which a town police department has been established or where the town is a part of a county police department, "the town board may appoint not more than four civil officers who shall possess all the powers and duties of constables in civil actions and proceedings only" (id., § 20[1][a]). In towns of the second class if there is no town police department, the town may appoint as many constables as is deemed necessary (id., § 20[1][b]). No limitations are placed on their powers. If a town police department has been established in such a town, the "town board may appoint not more than four civil officers who shall possess all the powers and duties of constables in civil actions and proceedings only" (ibid.). Thus, under these provisions, only in a town of the second class in which there is no town police department may the town board employ constables with the full range of civil and criminal powers otherwise available (Criminal Procedure Law, § 2.20). The question arises whether other towns may authorize their constables to enforce criminal penalties under the Vehicle and Traffic Law.
Despite the above limitations, we believe that any town may utilize its home-rule powers to establish a constabulary whether or not it has a police department and to grant its constables the full range of powers otherwise available under State law, including the authority to enforce criminal penalties under the Vehicle and Traffic Law. Local governments are authorized to adopt local laws, which must be consistent with the Constitution and general State laws, relating to the powers, duties, qualifications, number, mode of selection and removal, terms of office, compensation, hours of work, protection, welfare and safety of its officers and employees and in relation to the government, protection, order, conduct, safety, health and well-being of persons or property therein (Municipal Home Rule Law, § 10[1][ii][a][1] and [12]). A general law is a law that in terms and in effect applies to all towns (id., § 2[5]). Further, a town using its available home-rule powers may amend or supersede, subject to limitations not applicable here, provisions of the Town Law (id., § 10[1][d][3]).
In defining the authority to establish the position of constable and the powers of town constables, section 20(1) of the Town Law is not a general State law. It establishes different requirements for towns of the first class as compared with towns of the second class. Section 20 does not in terms and in effect apply alike to all towns. Therefore, local laws need not be consistent with its provisions. In any event, there is the authority for towns when acting within their home-rule powers to amend or supersede provisions of the Town Law. Thus, in utilizing the above-cited home-rule powers to establish local offices and positions of employment and to define the powers of these positions, any town may establish a constabulary and grant these officers a full range of powers available under section 2.20 of the Criminal Procedure Law. Towns taking this action could then grant to their constables the authority to enforce using their peace officer powers both civil and criminal penalties under the Vehicle and Traffic Law.
We conclude that town constables may be authorized to direct traffic and enforce traffic regulations.