*914 OPINION OF THE COURT
Joseph Harris, J.
These two cases on appeal from judgments rendered in Albany Police Court (Keegan, J.) present the issue of the constitutionality of that portion of the city’s zoning ordinance commonly referred to as the Grouper Law. Specifically, appellants urge that the definition of family contained in section 27-160 of the Code of the City of Albany on its face infringes upon the due process protections afforded by the New York State Constitution.
In McMinn v Town of Oyster Bay (66 NY2d 544, 547-548), the Court of Appeals struck down a zoning ordinance which attempted to limit occupancy of single-family houses by defining the term family in the following manner:
"(a) Any number of persons, related by blood, marriage, or legal adoption, living and cooking on the premises together as a single, nonprofit housekeeping unit; or
"(b) Any two (2) persons not related by blood, marriage, or legal adoption, living and cooking on the premises together as a single, nonprofit housekeeping unit, both of whom are sixty-two (62) years of age or over, and residing on the premises.”
In McMinn (supra), the court noted that zoning ordinances, like other legislative enactments, are presumed constitutional and the burden is on the party challenging the ordinance to prove its unconstitutionality. Nevertheless, it is well established that in order for a zoning ordinance to be a valid exercise of the police power, it must survive a two-part test: (1) it must have been enacted in furtherance of a legitimate governmental purpose, and (2) there must be a " 'reasonable relation between the end sought to be achieved by the regulation and the means used to achieve that end’ ” (McMinn v Town of Oyster Bay, 66 NY2d 544, 547, supra). Finally, if the ordinance fails either part of this test, it is unreasonable and constitutes a deprivation of property without due process of law under our State Constitution (French Investing Co. v City of New York, 39 NY2d 587).
Further, in McMinn (supra, at 550-551) the New York Court of Appeals held: "Zoning is 'intended to control types of housing and living and not the genetic or intimate internal family relations of human beings’ (City of White Plains v Ferraioli, [34 NY2d 300,] 305) and if a household is 'the functional and factual equivalent of a natural family’ (Group House v Board of Zoning & Appeals, [45 NY2d 266,] 272), the *915 ordinance may not exclude it from a single-family neighborhood and still serve a valid purpose * * * Zoning ordinances may define the term family alternatively to include various circumstances and relationships * * * but only so long as the ordinance, when read in its entirety, does not exclude any households that due process requires be included. [A definition of family as any number of persons, related by blood, marriage, or legal adoption] is not per se unconstitutional provided the ordinance contains an alternative definition of family as any number of unrelated persons living together who meet the indicia we set forth for the functional equivalent of a traditional family in Group House v Board of Zoning & Appeals (supra, at pp 272-273) and City of White Plains v Ferraioli (supra, at pp 305-306)”.
From the above two cases it is clear that what is meant by the Court of Appeals in its phrase "the functional equivalent of a traditional family”, which must be permitted under any restrictive definition of family in order to pass constitutional muster, is the traditional structure known as a "group home”, consisting of one or more surrogate parents and a number of foster children, living together as a permanent-like surrogate family — not as an institution, not as a temporary residence for transients, but akin to a permanent family structure.
Section 27-160 of the Code of the City of Albany defines the term family as: "One or more persons occupying a premises and living together as a single housekeeping unit, subject to a limit of not more than three unrelated persons 18 years of age or over.”
As in McMinn (supra), it cannot be seriously disputed that this ordinance was enacted to further several legitimate, and in fact highly desirable governmental objectives, including preservation of the character of traditional single-family neighborhoods, reduction of parking and traffic problems, control of population density and prevention of noise and disturbance, among others.
However, the ordinance in McMinn (supra) faltered in failing to provide as part of its definition of family, alternatives that would permit inclusion of any number of unrelated persons living together as "the functional equivalent of a traditional family” — that is, group homes as described and mandated in Group House v Board of Zoning & Appeals (45 NY2d 266, supra) and City of White Plains v Ferraioli (34 NY2d 300, supra).
*916 In order to survive this challenge, the ordinance of the City of Albany must be examined to determine whether, on its face, the definition of family prohibits those types of living arrangements that amount to "the functional equivalent of a traditional family”.
The ordinance of the City of Albany was artfully drawn to meet the requirements of Group House v Board of Zoning & Appeals (supra) and City of White Plains v Ferraioli (supra). The ordinance does not require the existence of blood, marriage or adoption, it places no restriction whatsoever on the number of unrelated children who may reside together and it allows up to three unrelated adults to live together. Limiting occupancy to not more than three unrelated persons 18 years of age or over does not exclude that type of living arrangement known as "group homes”, used for the foster care of children, and which have expressly been termed "the functional and factual equivalent of a natural family” (Group House v Board of Zoning & Appeals, 45 NY2d 266, 272, supra).
On its face, by definition, and in fact, respondent’s ordinance defining family does not unconstitutionally exclude or restrict those living arrangements that have previously been pronounced the functional equivalent of a traditional family.
There being a reasonable relation between the legitimate governmental ends sought to be achieved by the ordinance — to wit, the reduction of parking and traffic problems, control of population density, prevention of noise and disturbance, and preservation of the character of traditional single-family neighborhoods (see, Village of Belle Terre v Boraas, 416 US 1) —and the means used to achieve those ends — and respondent’s zoning ordinance, in defining family so as to encompass those households that pose no danger to the legitimate goal of preserving the character of the traditional single-family neighborhood, such as the households involved in White Plains (supra) and Group House (supra), said Zoning Ordinance of the City of Albany meets the criteria of the rational relationship test (McMinn v Town of Oyster Bay, supra).[1]
*917 Defendants next urge that the sentences imposed by the lower court were illegal. Defendants were sentenced under the provisions prescribed by section 27-148 of the City of Albany Zoning Ordinance which provides that: "Any person violating or assisting in the violation of this ordinance shall upon conviction, be punished by a fine not to exceed two hundred and fifty dollars ($250.) in amount or by imprisonment not exceeding fifteen (15) days, or both, for each offense. Each day that a violation is continued uncorrected shall constitute a separate offense.”
Defendants Multari pleaded guilty on June 14, 1985 to 11 violations of the City of Albany Zoning Ordinance as alleged in the informations. Defendants were sentenced that date to pay a fine amounting to $12,500.
Imposition of cumulative fines or penalties for a single but continuing violation of a zoning ordinance is not permitted. (See, People v Briary Improvement Corp., 34 NY2d 788; Village of Southampton v Platt, 43 NY2d 848.) That portion of the *918 ordinance providing for cumulative penalties, and pursuant to which defendants were sentenced, is invalid.
Following a nonjury trial on April 18, 1985, defendant Jasmine See was convicted of three counts of violating the Grouper Law. On April 25, 1985, defendant See was sentenced to three consecutive terms of 15 days’ imprisonment and to a fine amounting to $5,500.
Initially, the court notes that with respect to defendant See the sentence of imprisonment imposed on each violation charged was proper (see, Penal Law § 70.15 [4]). By consent of the parties at oral argument, it was stipulated that the court below lacked jurisdiction to convict defendant See of any violations occurring on dates other than those specified in the accusatory instruments filed on January 3, 1985, i.e., defendant See could not be convicted of continuing violations not specifically charged in the informations.[2] A valid and sufficient accusatory instrument is a nonwaivable jurisdictional prerequisite to a criminal prosecution. (People v McGuire, 5 NY2d 523; People v Scott, 3 NY2d 148.) With respect to defendant See, then, the convictions for offenses allegedly occurring on all dates other than December 4, 1984 (563 Washington Ave., first floor), November 28, 1984 (563 Washington Ave., second floor), and November 28, 1984 (715 State St.) must be set aside.
The court has examined appellants’ remaining contentions and finds them to be without merit. The sentence of imprisonment in the case of defendant See is not so unduly harsh and excessive as to constitute an abuse of discretion by the court below (see, People v Dittmar, 41 AD2d 788).
Judgment modified, by reducing the fine imposed on defendants Multari to the sum of $2,750; by reducing the fine imposed on the defendant Jasmine See to the sum of $750; and, as so modified, affirmed.

. Interestingly, during the pendency of this appeal, the ordinance here involved was amended to read as follows:
"Family
"1. (a) One, two or three persons occupying a dwelling unit, or
"(b) Four or more persons occupying a dwelling unit and living together as a traditional family or the functional equivalent of a traditional family.
"2. It shall be presumptive evidence that four or more unrelated persons *917 living in a single dwelling unit do not constitute the functional equivalent of a traditional family.”
Parenthetically, and only by way of dictum, the court observes that the newly amended ordinance does not improve the utility and clarity of the original ordinance, but the contrary. Where the original ordinance is clear on its face, and incorporates the requirements of City of White Plains v Ferraioli (34 NY2d 300) and Group House v Board of Zoning & Appeals (45 NY2d 266), the amended statute would necessitate landlords and tenants reading the above cases to understand the ordinance.
Whether or not the mind of man can conceive of any living arrangement other than a group home as being the functional equivalent of a traditional family, the Court of Appeals has not spoken to this question. However, it is clear that what is involved in this case — namely, university students living together as roommates during their college years — does not partake of the permanence that is characteristic of the traditional family or the surrogate family known as a group home.
Meaningfully, a home (or a traditional family) "is a place where when you go there they have to take you in!” A family is forever; roommates are a transient phenomenon.
While a university is an asset to a community, and unquestionably the State University of New York at Albany is a great university, the primary obligor for providing student housing is the university itself; if this means building more dormitories, so be it! The City of Albany cannot be faulted for its cooperation respecting the problem of student housing. It permits the off-campus housing of three roommates — something not permitted in many other communities. But the City of Albany also has the duty and responsibility to its permanent residents to preserve the character of its traditional single-family neighborhoods, to control its population density, and to provide for the reduction of its parking and traffic problems. (See, Village of Belle Terre v Boraas, 416 US 1.)

. Of course cumulative penalties would likewise be barred under the rule set forth in People v Briary Improvement Corp. (34 NY2d 788) and Village of Southampton v Platt (43 NY2d 848).