OPINION OF THE COURT
David H. Pfeffer, J.
On June 19, 1989, in open court, defendant Gold Coast Cadillac pleaded guilty to separate charges of violating, respectively, section 6 (c) and (d) of the "Paddison Motors Ordinance” of the Incorporated Village of Roslyn Harbor. The section 6 (c) violation related to a violation dealing with signs *180 permitted on the premises, and the section 6 (d) violation related to a violation of that portion of the ordinance which designated specific hours of permitted operation. As part of the guilty plea, the defendant acknowledged being convicted in this court of several violations of section 6 (d) of the ordinance, all within the last year.
Relying upon the provisions of Village Law § 20-2006 (1-a) the court sentenced the defendant to a fine of $1,000 for the admitted violation of section 6 (d) and the fine of $350 for the admitted violation of section 6 (c).
Subsequent to the sentencing and before the fines had been paid, defendant, through counsel, informally moved to vacate the sentence on the grounds that it violated the provisions of the pending zoning ordinance of the Village of Roslyn Harbor establishing a maximum fine of $250 for any violation. The defendant’s position was that at most, the defendant could have been fined $250 for each violation for a total of $500 or, more probably, because of the prior violations of section 6 (d), the instant violation of section 6 (d) should have been considered part of a continuing violation for which no fine could have been imposed. As authority for its position, the defendant relied upon Village of S. Hampton v Platt (43 NY2d 848 [1978]) and People v Multari (135 Misc 2d 913 [Albany County Ct 1987]). In addition, the defendant cited an unpublished opinion of the State Comptroller (1979 Opns St Comp No. 79-589), and another opinion (1982 Opns St Comp No. 82-288, at 362). The court has carefully considered all of the matters cited by the defendant but finds them wholly inapposite. Section 20-2006 (1-a) of the Village Law expressly became effective November 1,1985. That section states: "A violation of a zoning ordinance adopted prior to September first, nineteen hundred seventy-four is hereby declared to be an offense, punishable by a fine not exceeding three hundred fifty dollars * * * for conviction of a first offense * * * and, upon conviction for a third or subsequent offense all of which were committed within a period of five years, punishable by a fine not less than seven hundred dollars nor more than one thousand dollars * * *. Each week’s continued violation shall constitute a separate additional violation.”
Previously, section 20-2006 (1) had authorized the Board of Trustees of a village to enforce obedience of such ordinance by proscribing fines not to exceed $250.
In People v Multari (supra), the guilty pleas and sentences *181 were imposed in April and in June 1985, i.e., prior to the enactment of subdivision (1-a) of section 20-2006, and, of course, before it became effective. Therefore, the Multari court was concerned with interpreting subdivision (1) of the statute as then written. Similarly, in Village of S. Hampton (supra), the Court of Appeals was concerned with the effect of subdivision (1). Relying specifically on the language of paragraph (a) of subdivision (1), the Court of Appeals held "[t]his provision does not permit imposition of cumulative fines in excess of $250 for a single but continuing violation”. (Supra, at 850.)
Subdivision (1-a) of section 20-2006 now creates a new penalty for violation of village ordinances adopted before September 1, 1974. There is no dispute over the fact that the ordinance here in question is within the scope of subdivision (1-a) since it was adopted prior to that date. The State statute, i.e., the Village Law, in its present form, unlike its pre-November 1985 version, does not authorize or enable the Village Board to set certain fines. Instead, the statute deals with a violation of State law, i.e., calling it an "offense” to violate a village zoning ordinance and setting penalties for such violation. Jurisdiction is then imposed upon the court to enforce State law in this situation just as the courts are empowered to enforce other State statutes. The court recognizes a potential conflict between the penalty authorization provisions of subdivision (1) of section 20-2006 and the new absolute penalties set by State law in subdivision (1-a). Given the enactment of subdivision (1-a), long after enactment of subdivision (1), and given the mandatory language of subdivision (1-a), absent appellate guidance, this court is bound by and believes that State law supersedes any penalties provided by the village zoning ordinance. The court believes that notwithstanding the provisions of subdivision (1), the provisions of subdivision (1-a) are controlling in requiring that a fine for a third or subsequent offense be punishable by a fine of not less than a particular sum or more than a particular sum. By the statute saying the fine shall be no less than a particular amount, State law appears to require that the court impose a fine higher for a third offense than the maximum fine that a village Board of Trustees is authorized to impose pursuant to subdivision (1). The only logical explanation for the apparent discrepancy is that the Legislature intended that the court be bound by the fines scheduled as specified in subdivision (1-a) and not subdivision (1).
Accordingly, this court denies the motion to vacate the *182 sentence and expressly affirms the propriety of the fines heretofore levied following the pleas of guilty.
Accordingly, it is ordered that the fines previously imposed on defendant be paid. The defendant is given 10 days following the date of this opinion to pay the fines to the Clerk of the Court.