People v Appau-Kwarteng (2020 NY Slip Op 51164(U))

[*1]

People v Appau-Kwarteng (Kwabena)

2020 NY Slip Op 51164(U) [69 Misc 3d 130(A)]

Decided on October 5, 2020

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on October 5, 2020
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Edmead, P.J., Cooper, Higgitt, JJ.

570260/19

The People of the State of New York,
Respondent,
against
Kwabena Appau-Kwarteng,
Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New
York County (Laurie Peterson, J.), rendered March 13, 2019, convicting him, upon a plea of
guilty, of identity theft in the third degree, and imposing sentence.

Per Curiam.
Judgment of conviction (Laurie Peterson, J.), rendered March 13, 2019, affirmed.
In view of defendant's knowing waiver of his right to prosecution by information, the
accusatory instrument only had to satisfy the reasonable cause requirement (see People v
Dumay, 23 NY3d 518, 522 [2014]). So viewed, the accusatory instrument was
jurisdictionally valid. Allegations that on December 12, 2018, defendant made purchases at
several stores utilizing a specified EPPI debit card, without the permission or authority of the
owner of said debit card, were sufficient to charge defendant with identity theft in the third
degree (see Penal Law § 190.78[1]; People v Roberts, 31 NY3d 406 [2018]).
Contrary to defendant's present claim, the deponent police officer's sworn allegations, which
were derived from his personal observations and firsthand information provided to him by the
owner of the debit card, whose identity was known to law enforcement, "appear[] reliable" (CPL
70.10[2]). By pleading guilty, defendant not only waived any hearsay defect in the instrument
(see People v Keizer, 100 NY2d 114, 122 [2003]), but also any claim that the instrument
was based on information "without disclosing the source thereof" (People v Scott, 3
NY2d 148, 152 [1957]). 
Defendant's challenge to the amount of the restitution order is unpreserved, inasmuch as he
did not request a hearing to determine the amount of restitution or otherwise challenge the
amount and, in fact, expressly consented to the amount of restitution during the plea colloquy
(see People v Horne, 97 NY2d 404, 414 n 3 [2002]; People v Paul, 159 AD3d 657 [2018], lv denied 31 NY3d
1120 [2018]; see also People v Vazquez,
173 AD3d 907, 908 [2019]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: October 5, 2020