Joseph R. Glownia, J.
The defendant moves to dismiss a *920 uniform traffic summons on the grounds that the court lacks jurisdiction.
On October 23, 1974 the defendant was issued uniform traffic summons No. E121695 notifying him of a violation of subdivision (d) of section 1180 of the Vehicle and Traffic Law. This summons was issued by State Police Officer W. K. Black.
The summons in question is a standard form bearing the inscription "N.Y. State Police — Uniform Traffic Ticket” across the top. In the lower right corner there appears a space labeled "Officer’s Name (Print)”, and the printed subscription "Trp. W. K. Black” below it.
Section 207 of the Vehicle and Traffic Law authorizes the Commissioner of Motor Vehicles to prescribe the form of summons and complaint for traffic violations (the simplified traffic information) and to prescribe the procedure to be used in relation thereto. Pursuant to that authority, section 91.11 of the Regulations of the Commissioner of Motor Vehicles was enacted. In part that regulation states (15 NYCRR 91.11): "91.11 Police officer procedure for uniform traffic ticket, (a) When an alleged traffic violator is issued a uniform traffic ticket, the police officer shall sign part I of the packet and deliver same to the alleged violator, shall swear to part II before a person authorized to administer the necessary oath or affirm the complaint under penalty of perjury, and shall deliver parts II, III and IV to the court in which the alleged violator is notified to appear. He shall retain part V for his own records, or deliver it to the enforcement agency depending upon the procedure adopted by the enforcement agency.”
The defendant argues that this regulation mandates "signing” of part I of the summons and that because the officer merely "printed” his name, the court lacks jurisdiction.
The commissioner’s regulations do not require that the defendant’s copy be sworn to and it is the opinion of this court that it is strictly designed to apprise the defendant of the nature and specifics of the charge, date and place of appearance, and the accusing officer’s name. With these purposes in mind, it would have no additional legal significance to have the officer’s signature in script as opposed to printed on the defendant’s copy.
In addition, it should be noted that the defendant is always entitled to examine the court’s copy which is sworn to by the officer and CPL 100.25 gives the defendant the right to request a supporting deposition at any time prior to trial.
*921 Motion denied.