■ In the Matter of DAVID B. REYNOLDS, Respondent, v NEW YORK STATE DEPARTMENT OF MOTOR VEHICLES, Appellant.—Judgment unanimously affirmed, with costs. Memorandum: Petitioner was issued a summons charging him with a violation of subdivision (d) of section 1180 of the Vehicle and Traffic Law (speeding). The copy of the summons issued to petitioner was not signed by the complaining officer, although his name was printed on it. Subdivision 1 of section 226 of the Vehicle and Traffic Law empowers the Commissioner of Motor Vehicles to prescribe the form of the summons and complaint and the procedure to be followed for the proper administrative disposition of such summons and complaint. Regulation section 122.1 provides that "The term 'summons' is equivalent to the term 'appearance ticket' as used in the Criminal Procedure Law." Appearance ticket is defined in CPL 150.10 as "a written notice issued and subscribed by a police officer * * * directing a designated person to appear". Further, the regulations define summons as "those parts of a ticket including plea forms and appropriate instructions given to a motorist upon being charged with a traffic violation" (15 NYCRR 122.2 [b]). Section 122.6 of the regulations of the department provide: "(a) *Issuance of Summons.* When an alleged violator is issued a summons, the issuing officer shall sign part I (complaint) of the ticket which shall be affirmed under the penalty as provided by section 210.45 of the Penal Law. He shall deliver parts II or III of the ticket, whichever is appropriate, to the alleged violator * * * He shall deliver the completed part I and the agency copy of the ticket to a person or place designated by his agency." Thus, subdivision (a) of section 122.6 of the regulations does not require that the issuing officer sign the summons. However, section 122.1 of the department regulations, by its incorporation by reference of the definition of appearance ticket as used in the Criminal Procedure Law, mandates that the summons be subscribed by a police officer. The practice of issuing an unsigned summons to an alleged traffic violator is followed only on radar stops where the complaining officer fills out the summons on information and belief. On the face of the summons just above the blank for the "RANK AND SIGNATURE OF COMPLAINT" is the following: "FALSE STATEMENTS MADE HEREIN ARE PUNISHABLE AS A CLASS 'A' MISDEMEANOR PURSUANT TO SECTION 210.45 OF THE PENAL LAW". It follows, therefore, that the commissioner intended that the summons be signed prior to its being served upon the defendant. Further, the failure to sign the summons in this civil matter does not offend the notice requirement of due process because the alleged violator would be apprised of the nature and

specifics of the charge, date and place of appearance and the accusing officer's name. Nonetheless, we conclude that the summons issued to petitioner in this case did not comply with the regulations promulgated by the respondent commissioner. (Appeal from judgment of Erie Supreme Court—article 78.) Present—Marsh, P. J., Cardamone, Simons, Mahoney and Goldman, JJ.