John Oliver, J.
The defendant was given a simplified traffic information on July 23, 1976 by the St. Lawrence County Sheriff’s Department for the offense of speeding. The traffic ticket appears to conform to the regulations governing a uniform traffic ticket as prescribed by the regulations of the Motor Vehicle Commissioner (15 NYCRR Part 91). A motion was made on October 26, 1976 on behalf of the defendant to dismiss the uniform traffic ticket on the basis that the copy of the summons issued to the defendant was not signed by the complaining officer although his name is printed on it. The defendant cites section 122.1 and following of the regulations of the Motor Vehicle Commissioner (15 NYCRR 122.1 et seq.) in this regard and also Matter of Reynolds v New York State Dept. of Motor Vehicles (52 AD2d 1048) decided by the Appellate Division, Fourth Department on May 21, 1976.
The District Attorney of St. Lawrence County opposed the motion on the basis that the simplified traffic information filed with the court was signed on that part of the ticket where the officer’s affirmation appears and that the summons issued to the defendant complied with the uniform traffic ticket regulations of the commissioner.
A reading of section 122.1 and following of the regulations of the commissioner (15 NYCRR 122.1 et seq.) clearly shows that those regulations are concerned with traffic tickets before an Administrative Adjudication Bureau and that they are distinguishable from the uniform traffic ticket regulations. The regulations as to the uniform traffic ticket are contained in section 91.1 and following of the regulations (15 NYCRR 91.1 et seq.). People v Godin (80 Misc 2d 919) and People v Simonetti (62 Misc 2d 285) both deal with the question before this court. Both cases hold that as long as the officer’s name appears on the summons issued to a defendant there has been a compliance with the regulations of the commissioner.
The court notes as a matter of interest that the uniform traffic tickets used by the New York State Police specifically have in the space provided for the officer’s name the word "Print” printed thereon.
The court finds that the decision of Reynolds v New York *706 State Dept. of Motor Vehicles (supra) is distinguishable. The court further finds there is no requirement in the regulations of the commissioner that an officer issuing a uniform traffic summons sign his name to the summons given to the defendant.
Motion denied.