OPINION OF THE COURT
 

 Memorandum.
 

 The order of the County Court should be reversed and defendant’s motion to dismiss granted.
 

 Defendant was served with a "notice of violation” and a "complaint violation” charging him with a breach of the town’s zoning ordinance
 
 (see,
 
 Town of Brighton Zoning Code § 42-11). Violation of the zoning ordinance is by statute a criminal act
 
 (see,
 
 Town Law § 268; Town of Brighton Zoning Code § 42-34). Therefore, although documents having the above descriptions are not designated as accusatory instruments in the CPL, a charge under the zoning ordinance necessarily presupposes a criminal action. The parties do not contend otherwise. A criminal action must be commenced by
 
 *917
 
 the filing of valid and sufficient accusatory instruments in order for the court to obtain jurisdiction over the matter
 
 (see,
 
 CPL 100.05;
 
 People v Scott,
 
 3 NY2d 148). Treating the instruments served upon defendant as accusatory instruments under article 100 of the CPL, we conclude that they fail to satisfy the requirements set forth in CPL 100.15 and CPL 100.30.
 

 CPL 100.15 requires the accusatory instrument to be verified by the complainant. CPL 100.30 requires that such verification be made either by having the instrument sworn before the court, a notary public, or other designated officers, or by including in it a form notice warning that any false statement made therein is punishable as a class A misdemeanor. Inasmuch as neither the notice of violation nor the complaint violation was verified pursuant to CPL 100.30, they were not valid as accusatory instruments. The action therefore must be dismissed
 
 (see, People v Scott, supra).
 
 In light of this disposition, we find it unnecessary to reach the other issues raised on appeal.
 

 Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur in memorandum.
 

 Order reversed, etc.