OPINION OF THE COURT
Memorandum.
Judgments of conviction unanimously reversed on the law and facts, and summonses dismissed.
The parking violation summonses issued to defendant are the functional equivalent of appearance tickets issued in accordance with CPL 150.10 and 150.20 (see, People v Cooperman, NYLJ, Jan. 17, 1989, at 26, col 4 [App Term, 9th & 10th Jud Dists]; Matter of Reynolds v New York State Dept, of Motor Vehicles, 52 AD2d 1048). It is well settled that an appearance ticket is not an accusatory instrument and its filing does not confer jurisdiction over defendant (see, People v Cooperman, supra; People v Gregory, NYLJ, Dec. 5, 1991, at 30, col 2 [App Term, 9th & 10th Jud Dists]). There is no indication upon this record that the People ever filed the proper accusatory instruments with the court (see, CPL 150.50). Accordingly, dismissal of the summonses is mandated since the court never acquired jurisdiction (see, People v Alberi, NYLJ, Feb. 7, 1990, at 26, col 2 [App Term, 9th & 10th Jud Dists]; People Martin, NYLJ, Apr. 16, 1993, at 34, col 2 [App Term, 9th & 10th Jud Dists]; People v Cooperman, supra).
Even if the traffic summonses were to be deemed informations (see, Matter of Shirley v Schulman, 78 NY2d 915), we would nonetheless be compelled to dismiss these as facially insufficient. The summonses do not contain nonhearsay allegations establishing each and every element of the offenses charged (see, CPL 100.40 [1]; 100.15; People v Alejandro, 70 NY2d 133; People v Willis, NYLJ, Jan. 3, 1997, at 32, col 1 [App Term, 9th &10th Jud Dists]; People v Grillo, NYLJ, July 2, 1996, at 29, col 6 [App Term, 9th & 10th Jud Dists]) and further fail to indicate whether the complainant’s information was based on personal knowledge or information and belief (see, CPL 100.15 [3]; People v Blue Point Indus. Park, NYLJ, July 12, 1995, at 29, col 3 [App Term, 9th & 10th Jud Dists]; People v Grillo, supra; People v Willis, supra; People v Gregory, supra). Moreover CPL 100.15 requires the accusatory instrument to be verified by the complainant. CPL 100.30 sets forth several methods for proper verification of the accusatory instrument, including a “form notice that false statements made therein are punishable as a class A misdemeanor pursuant to *423 section 210.45 of the penal law.” The summonses here only provide the statement “Affirmed under the penalty of perjury” followed by the date and signature of the officer. Since there was no verification pursuant to CPL 100.30 the summonses were not valid as accusatory instruments (Matter of Shirley v Schulman, supra, at 917).
Dismissal of the traffic summonses is further warranted for the additional reason that these failed to comply with the mandatory requirements of Vehicle and Traffic Law § 238 (2) (see, Matter of Wheels, Inc. v Parking Violations Bur., 80 NY2d 1014; Matter of Ryder Truck Rental v Parking Violations Bur., 62 NY2d 667). The statute sets forth five identification elements which must appear on a traffic ticket: (1) plate description; (2) plate type as shown by the registration plates of said vehicle; (3) expiration date; (4) make or model; and (5) body type of said vehicle (Vehicle and Traffic Law § 238 [2]; see, Carrier!, Practice Commentaries, McKinney’s Cons Laws of NY, Book 62A, Vehicle and Traffic Law § 238, at 149). The omission of any one element requires dismissal (Matter of Wheels, Inc. v Parking Violations Bur., supra). The traffic summonses here failed to indicate the expiration date and body type of the vehicles.
We note that the statute is made applicable only to a Parking Violations Bureau. However, inasmuch as the purpose of the statute is to ensure proper identification of the vehicle since, in the case of parking violations, the owner of the vehicle is rarely, if ever, present at the time a ticket is issued, we find no reason to require less where the parking infraction is returnable before a court rather than an administrative tribunal.
DiPaola, P. J., Collins and Floyd, JJ., concur.