OPINION OF THE COURT
Memorandum.
*94 Judgment of conviction unanimously reversed on the law and facts, and summons dismissed. Fine, if paid, is remitted.
Defendant was charged with a standing parking violation in an instrument denominated, “Summons, Parking Ticket and Complaint.” As this court recently held in People v Gabbay (175 Misc 2d 421 [9th & 10th Jud Dists]): “The parking violation summons * * * issued to defendant are the functional equivalent of appearance tickets issued in accordance with CPL 150.10 and 150.20 (see, People v Cooperman, NYLJ, Jan. 17, 1989, at 26, col 4 [App Term, 9th & 10th Jud Dists]; Matter of Reynolds v New York State Dept. of Motor Vehicles, 52 AD2d 1048). It is well settled that an appearance ticket is not an accusatory instrument and its filing does not confer jurisdiction over defendant (see, People v Cooperman, supra; People v Gregory, NYLJ, Dec. 5, 1991, at 30, col 2 [App Term, 9th & 10th Jud Dists]). There is no indication upon this record that the People ever filed the proper accusatory instrument * * * with the court (see, CPL 150.50). Accordingly, dismissal of the summons * * * is mandated since the court never acquired jurisdiction (see, People v Alberi, NYLJ, Feb. 7, 1990, at 26, col 2 [App Term, 9th & 10th Jud Dists]; People v Martin, NYLJ, Apr. 16, 1993, at 34, col 2 [App Term, 9th & 10th Jud Dists]; People v Cooperman, supra).” Moreover, even if the ticket at issue were to be deemed a misdemeanor complaint there is no indication that defendant waived prosecution by information (see, CPL 170.10 [4] [d]). In view of our determination, it is not necessary to address defendant’s remaining contentions.
DiPaola, P. J., Collins and Ingrassia, JJ., concur.