OPINION OF THE COURT
Memorandum.
Judgments of conviction reversed on the law and accusatory instruments dismissed.
In 48 purported informations, defendant was charged with violating multiple sections of the Code of the Village of East Hills (Code of Village of East Hills §§ 193-7, 214-13, 214-24 [A] [7]; § 214-128 [B] [3]; § 214-60 [A]; § 223-10). Defendant was found guilty of the aforementioned charges and the court imposed sentences fining defendant a total of $42,750.
On appeal, defendant argues that the accusatory instruments, charging various zoning ordinance violations, are jurisdiction-ally defective. We agree.
A violation under a zoning ordinance “necessarily presupposes a criminal action” (see Matter of Shirley v Schulman, 78 NY2d 915, 916 [1991]) which must be commenced by the filing of a valid and sufficient accusatory instrument in order for the court to obtain jurisdiction (see CPL 100.05; Matter of Shirley v Schulman, 78 NY2d at 916; People v Hall, 48 NY2d 927 [1979]). By statute, a defendant has the right to be prosecuted by an information (see CPL 100.10, 170.65 [1], [3]; People v Weinberg, 34 NY2d 429, 431 [1974]), and a waiver of this right cannot be “implied from defendant’s silence and proceeding to trial” (People v Casey, 95 NY2d 354, 359 [2000]).
In determining whether an information is legally sufficient, the Court of Appeals stated the following in People v Casey (95 NY2d at 360):
“The procedural requirements for the factual portion of a local criminal court information are, simply: that it state ‘facts of an evidentiary character supporting or tending to support the charges’ (CPL 100.15 [3]; see, CPL 100.40 [1] [a]); that the ‘allega *76 tions of the factual part . . . together with those of any supporting depositions . . . provide reasonable cause to believe that the defendant committed the offense charged’ (CPL 100.40 [1] [b]); and that the ‘[n] on-hearsay allegations [of the information and supporting depositions] establish, if true, every element of the offense charged and the defendant’s commission thereof (CPL 100.40 [1] [c]; see, CPL 100.15 [3]).”
Pursuant to CPL 100.20,
“[a] supporting deposition is a written instrument accompanying or filed in connection with an information . . . subscribed and verified by a person other than the complainant of such accusatory instrument, and containing factual allegations of an evidentiary character . . . which supplement those of the accusatory instrument and support or tend to support the charge or charges contained therein.”
CPL 100.20 requires that a supporting deposition accompanying an information be verified. Pursuant to CPL 100.30, a supporting deposition may be verified either by having the instrument sworn before the court, a notary public, or other designated officers, or by including in it a form notice warning that any false statement made therein is punishable as a class A misdemeanor (see Penal Law § 210.45). While each of the purported supporting depositions annexed to each of the accusatory instruments filed in this case by Officers Trotto and Lamb stated in the preprinted portion thereof that they were “duly sworn,” in fact they were not verified by using any of the prescribed methods of verification in accordance with CPL 100.30. Accordingly, they are not valid supporting depositions, and the allegations contained therein cannot be relied upon when determining whether the informations are legally sufficient (see Matter of Shirley v Schulman, 78 NY2d at 916; People v Azuka T., NYLJ, Jan. 26, 1998, at 31, col 2 [App Term, 9th & 10th Jud Dists]; see also People v Kessman Bros., 2002 NY Slip Op 50653[U] [App Term, 9th & 10th Jud Dists 2002] [accusatory instrument was jurisdictionally defective because it was not verified]).
In this case, defendant did not waive his right to be prosecuted by an information, and a review of each purported information reveals that they contain no factual allegations at all, nonhearsay or otherwise. The failure to include in the informations factual allegations which, if true, would establish every element of the offenses charged and defendant’s commission *77 thereof (CPL 100.40 [1] [c]; see CPL 100.15 [3]) renders them jurisdictionally defective requiring dismissal of all the informations (see People v Tarka, 75 NY2d 996, 997 [1990]; People v Alejandro, 70 NY2d 133 [1987]; People v Hall, 48 NY2d 927 [1979], supra).
Assuming the instruments are deemed to be appearance tickets, they do not commence a criminal action and thus the court did not have jurisdiction to render a judgment of conviction (see CPL 100.05, 150.10, 150.50; see also People v Conklin, 14 Misc 3d 144[A], 2007 NY Slip Op 50385[U] [App Term, 9th & 10th Jud Dists 2007]).
In view of the foregoing, we pass upon no other issue raised on appeal.
Rudolph, RJ., McCabe and Molla, JJ., concur.