*947 OPINION OF THE COURT
Martin I. Kaminsky, J.
Defendant is charged with violation of section 1174 (a) of the Vehicle and Traffic Law by allegedly failing to stop for a school bus while traveling eastbound on route 25A in the Village of Muttontown on September 13, 2012. Defendant moves, pursuant to section 170.30 (1) (a) and (f) of the Criminal Procedure Law, to dismiss the charge on the ground that the accusatory instrument as supplemented by the supporting deposition of the police officer involved allegedly failed to state a legally sufficient charge as required by CPL 100.40 and 170.35 (1) (a).
In pleading not guilty by mail on September 13, 2012, defendant duly requested a supporting deposition, which was provided to him on October 7, 2012. This motion was made within 45 days of the arraignment in accordance with CPL 255.20 (1).
The accusatory instrument here (i.e., the simplified information and supporting deposition) states the date, time and place of the alleged violation, and says that the police officer personally “observed” the defendant to have “fail[ed] to stop for a school bus” at that location. But, defendant contends that those allegations are insufficient since they “fail to include every element of the offense charged,” i.e., a section 1174 (a) violation. In particular, defendant contends, the simplified information and supporting deposition fail to specify that the defendant was “meeting or overtaking” the school bus, whether the school bus was “marked and equipped” as such, whether the school bus was “stopped” for the “purpose of receiving or discharging” persons, and whether the school bus had “in operation ... a red visual signal” or had lights flashing indicating itself as stopped for that purpose. Defendant is correct that those details are not contained in the simplified information and supporting deposition. But, the People contend that these allegations are not necessary and would provide only evidentiary matter which is not necessary at this stage, citing People v Worrell (10 Misc 3d 1063[A], 2005 NY Slip Op 52111[U] [Muttontown Just Ct 2005]) and People v Greenfield (9 Misc 3d 1113[A], 2005 NY Slip Op 51518[U] [Muttontown Just Ct 2005]). Those cases made clear that the allegations in the accusatory instrument need not be factually detailed, but rather need state only bare facts so long as those facts allege each element of the offense charged, as occurred in those cases. The People do not say what they contend the essential elements of a section 1174 (a) violation to be.
*948 CPL 100.25 (2) requires that the defendant be charged with “allegations of fact, based either upon personal knowledge or upon information and belief, providing reasonable cause to believe that the defendant committed the offense or offenses charged.” CPL 100.15 (3) further requires that such allegations state “facts of an evidentiary character supporting or tending to support the charges” including every element thereof, and be “non-hearsay” allegations of fact. As long as the simplified information and the supporting deposition (together with the “accusatory instrument”) states the statutory elements of the charge, it is legally sufficient for the case to proceed forward. (People v Inserra, 4 NY3d 30, 32 [2004]; People v Key, 45 NY2d 111, 115-116 [1978].) But, a failure to state any of the necessary elements of the charge is fatal and requires its dismissal. (Matter of Shirley v Schulman, 78 NY2d 915 [1991]; People v Fattizzi, 98 Misc 2d 288 [App Term, 2d Dept 1978]; see also People v Thumser, 148 Misc 2d 472 [App Term, 2d Dept 1990]; People v Aucello, 146 Misc 2d 417 [App Term, 2d Dept 1990].) If what is alleged to be missing is actually merely evidentiary matter for trial, the accusatory instrument is sufficient, and the motion must be denied. (Rose, New York Vehicle and Traffic Law § 17:3 at 170 [2d ed] [“the simplified traffic information is not an information in the ordinary sense because it alleges no supporting facts”] and § 34:2 [“simplified informations do not require factual allegations of an evidentiary nature to support the charge”]; see e.g. Worrell, 10 Misc 3d 1063[A], 2005 NY Slip Op 52111[U]; Greenfield, 9 Misc 3d 1113[A], 2005 NY Slip Op 51518[U]; People v Rossi, 154 Misc 2d 616, 618 [1992].) Thus, the question is whether the facts or alleged facts which defendant says are missing are necessary “elements” of the offense charged or merely evidentiary facts.
The court finds that the elements cited by defendant are necessary to state the charge here. Vehicle and Traffic Law § 1174 (a) is not violated every time one fails to stop for a school bus he or she encounters on the road. Rather, the statute applies only when the bus is stopped to pick up or discharge passengers and has so indicated by exhibiting flashing red lights and/or a stop sign (generally extended from its side) to alert other cars on the road that the bus is doing so. The statute is intended to protect against cars continuing past a bus which is stopped for those purposes, since passing a school bus at that time risks hitting passengers (generally children) who are getting on or off the bus. Therefore, a failure to state that the facts specified by *949 defendant existed when defendant passed the school bus fails to state necessary elements of a section 1174 (a) offense.
The cases relied on by the People, Worrell and Greenfield, are distinguishable. There, the charge was speeding in violation of section 1180 of the Vehicle and Traffic Law, the elements of which are simpler than those of a Vehicle and Traffic Law § 1174 (a) violation. Thus, while those cases correctly state the standard for sufficiency, that standard has not been met in the instant case.
Accordingly, the motion to dismiss is granted.