The People of the State of New York, Respondent,
against
Jazmin Carrillo, Appellant.




Jazmin Carrillo, appellant pro se.
Southold Town Attorney (Lori Hulse of counsel), for respondent (no brief filed).

Appeal from a judgment of the Justice Court of the Town of Southold, Suffolk County (William H. Price, Jr., J.), rendered March 9, 2015. The judgment convicted defendant, upon her plea of guilty, of parking a vehicle outside established or designated lines or markings in an established or designated parking area.




ORDERED that the judgment of conviction is reversed, on the law, the parking ticket is dismissed and the fine is remitted.
On July 12, 2014, a parking ticket was issued pertaining to a Nissan automobile bearing New York State license plate number EFP2032, charging a violation of Town of Southold Code § 260-18 (F), parking a vehicle outside established or designated lines or markings in an established or designated parking area. The location where the ticket was issued was a parking lot which was owned by the Mattituck Park District.
Defendant moved to, among other things, dismiss the parking ticket. After the motion was denied, defendant agreed to plead guilty to the parking violation, and was fined $75.
The parking ticket at issue "is the functional equivalent of an appearance ticket issued in [*2]accordance with CPL 150.10 and 150.20" (People v Tarnoff, 54 Misc 3d 139[A], 2017 NY Slip Op 50151[U], *1 [App Term, 2d Dept, 9th & 10th Jud Dists 2017]; see People v O'Shea, 2003 NY Slip Op 51102[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2003]; People v Gilberg, 166 Misc 2d 772 [App Term, 2d Dept, 9th & 10th Jud Dists 1995]; People v Weinberg, 146 Misc 2d 441 [App Term, 2d Dept, 9th & 10th Jud Dists 1990]). "However, an appearance ticket is not an accusatory instrument and its filing does not confer jurisdiction over a defendant" (People v Tarnoff, 54 Misc 3d 139[A], 2017 NY Slip Op 50151[U], *1; see People v Scott, 3 NY2d 148 [1957]; People v Needleman, 35 Misc 3d 149[A], 2012 NY Slip Op 51118[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2012]; People v Horner, 176 Misc 2d 93 [App Term, 2d Dept, 9th & 10th Jud Dists 1998]; People v Gabbay, 175 Misc 2d 421 [App Term, 2d Dept, 9th & 10th Jud Dists 1997]). CPL 150.50 (1) requires that before the return date of an appearance ticket, a legally sufficient local criminal court accusatory instrument, such as an information or complaint, be filed charging the offense. In this case, nothing in the record indicates that a proper accusatory instrument was filed with the Justice Court. Thus, the parking ticket must be dismissed, as the court never acquired jurisdiction over defendant (see People v Tarnoff, 54 Misc 3d 139[A], 2017 NY Slip Op 50151[U], *1; People v Gabbay, 175 Misc 2d at 422). 
Accordingly, the judgment of conviction is reversed, the parking ticket is dismissed and the fine is remitted.
Marano, J.P., Iannacci and Garguilo, JJ., concur.
Decision Date: May 23, 2017