The People of the State of New York, Respondent, 
against
Joseph Gantz, Appellant.




Feerick Lynch McaCartney & Nugent PLLC (Donald J. Feerick, Jr. of counsel), for appellant.
Pashman Stein Walder Hayden PC (Sean Mack of counsel), for respondent.

Appeal from a judgment of the Justice Court of the Village of Airmont, Rockland County (Karen A. Riley, J.), rendered March 8, 2017. The judgment convicted defendant, after a nonjury trial, of violating Airmont Village Code § 210-51 (B), and imposed sentence.




ORDERED that the judgment of conviction is reversed, on the law and the facts, the notice of violation and appearance ticket are dismissed, and the fine, if paid, is remitted.
In October 2016, defendant was issued an appearance ticket which instructed him to appear in court "in connection with your commission of the charge[s]" of violating Airmont Village Code § 210-51, which requires an owner of property planning to install a circular driveway to submit a drawing by a certified engineer or surveyor in order to apply for a building permit, and Airmont Village Code § 89-4, which pertains to the requirement to obtain a building permit. Following a nonjury trial, defendant was convicted of violating Airmont Village Code § 210-51 (B).
It is uncontroverted that only a notice of violation and an appearance ticket were filed in the case at bar. An appearance ticket, however, is not an accusatory instrument (see CPL 100.05), and its filing does not confer upon the court jurisdiction over the matter (see People v Scott, 3 NY2d 148 [1957]; People v Tarnoff, 54 Misc 3d 139[A], 2017 NY Slip Op 50151[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2017]; People v Needleman, 35 Misc 3d 149[A], 2012 NY Slip Op 51118[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2012]; People v Lowry, 184 Misc 2d 306 [App Term, 2d Dept, 9th & 10th Jud Dists 2000]; People v Gabbay, 175 Misc 2d 421 [App Term, 2d Dept, 9th & 10th Jud Dists 1997]). CPL 150.50 (1) provides that, prior to the return date of an appearance ticket, a legally sufficient local criminal court accusatory instrument shall be filed. A criminal action is commenced only when an accusatory instrument is filed with the court (see CPL 1.20 [16]), and the court has not acquired jurisdiction over the matter absent the filing of a proper accusatory instrument after an appearance ticket has been issued (see People v LaRose, NYLJ, June 28, 1994 at 33, col 5 [App Term, 2d Dept, 2d & 11th Jud Dists 1994] [dismissing a prosecution for lack of jurisdiction, as only an appearance ticket [*2]had been filed]; People v Byfield, 131 Misc 2d 884, 885 [Crim Ct, NY County 1986] [the "service of an appearance ticket upon a person, whether proper or improper, does not confer personal or subject matter jurisdiction"]).
We note that even were the appearance ticket, read together with the notice of violation, deemed to be an accusatory instrument (see Matter of Shirley v Schulman, 78 NY2d 915, 916-917 [1991]), we would be compelled to dismiss it as facially insufficient, since neither document was verified as required by CPL 100.15 (see CPL 100.30; Matter of Shirley v Schulman, 78 NY2d at 917; People v Gabbay, 175 Misc 2d at 423).
In view of the foregoing, the judgment of conviction is reversed and the notice of violation and appearance ticket are dismissed. 
RUDERMAN, J.P., TOLBERT and BRANDS, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 30, 2018