The People of the State of New York, Respondent,
against
Rene A. Malasquez Sanchez, Appellant.




The Legal Aid Society of Westchester County (David B. Weisfuse of counsel), for appellant.
Westchester County District Attorney (Christine DiSalvo and Steven A. Bender of counsel), for respondent.

Appeal from a judgment of the Justice Court of the Village of Port Chester, Westchester County (Jose O. Castaneda, J.), rendered February 17, 2017. The judgment convicted defendant, upon his plea of guilty, of unlawful possession of marihuana, and imposed sentence.




ORDERED that the judgment of conviction is reversed, on the law, the accusatory instrument is dismissed, and the fine, if paid, is remitted.
Defendant was charged in an accusatory instrument with unlawful possession of marihuana (Penal Law § 221.05) and, on February 17, 2017, he pleaded guilty to the charge and was sentenced to pay a fine in the amount of $200.
Since the accusatory instrument was not verified in a manner set forth in CPL 100.30, it is not valid and, thus, the Justice Court never obtained jurisdiction over defendant (see CPL 100.15; Matter of Shirley v Schulman, 78 NY2d 915, 917 [1991]; People v Gantz, 60 Misc 3d 140[A], 2018 NY Slip Op 51271[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2018]; People v Smith, [*2]22 Misc 3d 131[A], 2009 NY Slip Op 50166[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2009]; People v Kessman Bros., 2002 NY Slip Op 50653[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2002]). In view of the foregoing, the accusatory instrument must be dismissed (see Matter of Shirley, 78 NY2d at 917). We reach no other issue. 
Accordingly, the judgment of conviction is reversed and the accusatory instrument is dismissed.
TOLBERT, J.P., GARGUILO and EMERSON, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: March 21, 2019