The People of the State of New York, Respondent,
against
John Lepper, Appellant. 




Law Office of Cory H. Morris (Cory H. Morris of counsel), for appellant.
Gerard Glass and Associates, P. C. (Gerard Glass of counsel), for respondent.

Appeal from four judgments of the Justice Court of the Village of Babylon, Suffolk County (John T. Rafter, J.), rendered October 17, 2018. The four judgments convicted defendant, after a nonjury trial, of four charges of violating Babylon Village Code § 365-26, respectively, and imposed sentences.




ORDERED that the judgments of conviction are reversed, on the law, the informations are dismissed and the fines, if paid, are remitted.
In each of four purported informations, defendant was charged with violating Babylon Village Code (Code) § 365-26. At a nonjury trial, the People presented proof that defendant had constructed a tree house without a permit at a residential premises where he resided. Following the trial, defendant was convicted as charged. On appeal, defendant contends, among other things, that the accusatory instruments are facially insufficient. We agree.
A violation under a zoning ordinance "necessarily presupposes a criminal action" (see Matter of Shirley v Schulman, 78 NY2d 915, 916 [1991]), which must be commenced by the filing of a valid and sufficient accusatory instrument in order for the court to obtain jurisdiction (see CPL 100.05; People v Jackson, 18 NY3d 738, 741 [2012]; Matter of Shirley v Schulman, 78 NY2d at 916-917). As the record does not reveal that defendant waived prosecution by information (see People v Dumay, 23 NY3d 518, 522 [2014]), the standards of review of the sufficiency of the instruments are those applicable to informations (see CPL 100.40 [1]; 170.65 [1], [3]; People v Jackson, 18 NY3d at 741; see also People v Kalin, 12 NY3d 225, 228 [2009]). An information is sufficient on its face if it contains nonhearsay factual allegations of an evidentiary nature which establish, if true, every element of the offense charged and the defendant's commission thereof (see CPL 100.15 [3]; 100.40 [1]; People v Henderson, 92 NY2d 677, 679 [1999]; People v Alejandro, 70 NY2d 133, 136-137 [1987]).
Code § 365-26 provides that "[n]o building shall hereafter be erected and no existing building shall be structurally altered or added to on any lot, plot or premises and no excavation or work of any nature shall commence in connection therewith, nor shall any use of an existing building be changed until a permit authorizing the same shall have been issued by the Building Inspector." Section 365-3 of the Code defines a "building" as "[a] structure having a roof supported by columns or walls for the shelter, support or enclosure of persons, animals or chattels." The factual portions of the accusatory instruments—containing only a few words, "WITHOUT A PERMIT — TREEHOUSE"—fail to allege facts establishing that the tree house constituted a "building" within the meaning of the statute, thereby triggering the permit requirement. The accusatory instruments also fail to allege facts of an evidentiary nature establishing the nature of the work that defendant performed on the tree house, namely, that defendant had erected the tree house, structurally altered it or changed the use thereof (see People v Hernandez, 64 Misc 3d 145[A], 2019 NY Slip Op 51303[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2019]; People v James, 49 Misc 3d 154[A], 2015 NY Slip Op 51791[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2015]). Therefore, the accusatory instruments fail to allege every element of the offense (see People v Taffet, 54 Misc 3d 21, 24-25 [App Term, 2d Dept, 9th & 10th Jud Dists 2016]; People v James, 49 Misc 3d 154[A], 2015 NY Slip Op 51791[U]; People v Roslyn Sephardic Ctr., 17 Misc 3d 74, 76-77 [App Term, 2d Dept, 9th & 10th Jud Dists 2007]).
In view of the foregoing, we pass upon no other issue raised on appeal.
Accordingly, the judgments of conviction are reversed and the informations are dismissed.
ADAMS, P.J., TOLBERT and GARGUILO, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 19, 2019