The People of the State of New York, Respondent,
against
Michael J. Gesmundo, Appellant. 




Michael J. Gesmundo, appellant pro se.
Town of Wallkill Prosecutor, for respondent (no brief filed).

Appeal from a judgment of the Justice Court of the Town of Wallkill, Orange County (Joseph A. Owen, J.), rendered February 8, 2019. The judgment convicted defendant, after a nonjury trial, of parking in an "access lane," and imposed sentence. The appeal from the judgment of conviction brings up for review the denial by that court of defendant's motion to dismiss the parking summons.




ORDERED that the judgment of conviction is reversed, on the law, the denial of defendant's motion to dismiss the parking summons is vacated, defendant's motion is granted and the fine, if paid, is remitted.
On August 12, 2018, a "parking summons" was issued pertaining to a 2017 Black Cadillac automobile bearing a specified New York State license plate number, charging a violation numbered "08," described as parking in an "access lane" at Harbor Freight Tools.
Defendant moved to dismiss the parking summons on the ground of facial insufficiency. After the Justice Court denied the motion, a nonjury trial was conducted, following which defendant was found guilty of the charge, and fined $180.
On this appeal on an abridged record, defendant contends that his motion to dismiss the parking summons should have been granted because a proper accusatory instrument had not been filed and the court never obtained jurisdiction over him.
The "accusatory instrument" in this case is denominated a "parking summons," and even if it were a summons as defined in CPL 130.10, it is not an accusatory instrument which commences an action (see CPL 100.05). Moreover, the "parking summons" cannot be considered the functional equivalent of an appearance ticket issued in accordance with CPL 150.10, since it is not a written notice subscribed by a police officer or an authorized public servant directing a designated person to appear in a designated local criminal court at a designated future time in connection with the alleged commission of the designated offense (see CPL 150.10). Moreover, when an appearance ticket has been issued, CPL 150.50 requires the filing of a legally sufficient accusatory instrument unless the appearance ticket issued for a parking infraction complies with the requirements set forth in CPL 1.20 (1) (b). 
As is clear from its face, the "parking summons" does not satisfy the requirements set forth in CPL 1.20 (1) (b). Thus, the "parking summons" must be dismissed, as the court never acquired jurisdiction over defendant (see People v Carrillo, 55 Misc 3d 147[A], 2017 NY Slip Op 50703[U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists 2017]; People v Tarnoff, 54 Misc 3d 139[A], 2017 NY Slip Op 50151[U], *1 [App Term, 2d Dept, 9th & 10th Jud Dists 2017]; People v Needleman, 35 Misc 3d 149[A], 2012 NY Slip Op 51118[U], *1 [App Term, 2d Dept, 9th & 10th Jud Dists 2012]; People v Horner, 176 Misc 2d 93 [App Term, 2d Dept, 9th & 10th Jud Dists 1998]; People v Gabbay, 175 Misc 2d 421 [App Term, 2d Dept, 9th & 10th Jud Dists 1997]).
Accordingly, the judgment of conviction is reversed, the denial of defendant's motion to dismiss the parking summons is vacated, and defendant's motion is granted.
TOLBERT, J.P., ADAMS and RUDERMAN, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: April 16, 2020